UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X

RONALD BARNES,                                              **COMPLAINT**

                          Plaintiff,                        **CV-17-1303**

          -against-                                         **ECF Case**

                                                            **Jury Trial Demanded**

THE CITY OF NEW YORK, and DET. JOSEPH GAROPALO,
the individual Defendants sued individually and in their official
capacities,

                          Defendants.
-------------------------------------------------------------------------X

## PRELIMINARY STATEMENT

1.      This is a civil rights action in which Plaintiff seeks relief for the violation of his rights secured by 42 U.S.C. §§ 1983 and 1985; the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution; and the laws of the State of New York. The claims arise from an incident which began on or about November 13, 2014 and continued until on or about November 25, 2014.

2.      During the incident **THE CITY OF NEW YORK** and members of the New York City Police Department (hereinafter referred to as "NYPD") subjected Plaintiff to, among other things, false arrest, false imprisonment, excessive force, unlawful search and seizure, malicious criminal prosecution, conspiracy, fabricated evidence, unlawful confinement, gross negligence, negligence in the performance of police duties, negligent hiring, retention, supervision and training of NYPD employees. Plaintiff seeks compensatory damages, punitive damages, an award of costs and attorney's fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

3.      Jurisdiction is conferred upon this Court under 28 U.S.C. §§ 1331 and 1343(3) and (4), as this action seeks redress for the violation of Plaintiff's constitutional and civil rights.

4.     Plaintiff additionally invokes the supplemental jurisdiction of this Court under 28 U.S.C. § 1367(a), over any and all state law and constitutional claims that are so related to the claims within the original jurisdiction of this Court that they form part of the same case or controversy.

## PARTIES

5.     Venue is proper in the Eastern District of New York under 28 U.S.C. § 1391(b), in that the claim arose within this District.

## JURY DEMAND

6.     Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

7.     At all times herein mentioned Plaintiff **RONALD E. BARNES** was and is a resident of the County of Queens, City and State of New York.

8.     At all times herein mentioned, Defendant **THE CITY OF NEW YORK** was, and still is, a municipal corporation duly organized and existing by virtue of the laws of the State of New York.

9.     Defendant **THE CITY OF NEW YORK** maintains the New York City Police Department, a duly authorized department of **THE CITY OF NEW YORK** authorized to perform all functions of a police department as per the applicable sections of the rules and regulations of **THE CITY OF NEW YORK**.

10.     At all times hereinafter mentioned, the individually named Defendant **DET. JOSEPH GAROPALO** was and is a duly sworn police officer and/or detective of the NYPD and was acting under the supervision of said department and according to his official duties.

11.     At all times hereinafter mentioned the individually named Defendant was acting as an agent, servant and/or employee of the Defendant, **THE CITY OF NEW YORK**.

2

12.     That at all times hereinafter mentioned the Defendant, either personally or through its employees, was acting under color of law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or **THE CITY OF NEW YORK**.

13.     Each and every act of the Defendant alleged herein was performed by said Defendant while acting within the scope of his employment with **THE CITY OF NEW YORK**.

## STATEMENT OF FACTS

14.     On March 11, 2013 an individual identified as Stephon Luckey was allegedly engaged in a verbal dispute with another individual on Farmers Blvd. Queens, NY.

15.     During the verbal dispute the other individual pulled out a firearm and allegedly shot Stephon Luckey in his calf.

16.     The Plaintiff **RONALD E. BARNES** was not the perpetrator of this offense.

17.     **RONALD E. BARNES** and Stephon Luckey were unknown to one another.

18.     Upon information and belief, on November 12, 2014 an unidentified eyewitness participated in a confirmatory identification procedure under the direction of Defendant **DET. JOSEPH GAROFALO** at the NYPD 113th Precinct Detective Squad.

19.     This unidentified eyewitness allegedly identified Plaintiff as the perpetrator of the aforementioned offense one year and eight months after the alleged offense took place.

20.     On that same day November 12, 2014 an "i-card" was issued for Plaintiff.

21.     Upon information and belief no additional identification procedures resulted in a positive identification of **RONALD E. BARNES**.

22.     Upon information and belief, no search or arrest warrants were ever sought or issued in connection with this investigation.

23.     No judge or magistrate was involved in the issuance of the "i-card". Upon information and belief, the "i-card" was an NYPD generated device.

24.     On or about November 13, 2014 Plaintiff **RONALD E. BARNES** was arrested at his home.

25.     Plaintiff was searched, arrested, handcuffed and transported to the NYPD 113th Precinct.

26.     Upon information and belief, once Plaintiff was brought to the 113th Precinct he was questioned by Defendant **DET. JOSEPH GAROFALO**.

27.     No attorney was present to represent Plaintiff's interests during the questioning and upon information and belief, Plaintiff was not adequately apprised of his rights under the law before speaking with members of the NYPD.

28.     Nevertheless, during this questioning Plaintiff told Defendant **DET. JOSEPH GAROFALO** that he did not commit the crime and was never involved in the altercation described.

29.     Upon information and belief, Plaintiff **RONALD E. BARNES** provided Defendant **DET. JOSEPH GAROFALO** information establishing an alibi for the date and time of the alleged occurrence.

30.     The steps taken by Defendant **DET. JOSEPH GAROFALO** to obtain an identification of Plaintiff were, incomplete, inadequate, improper and unduly suggestive. They led to a misidentification of Plaintiff by the alleged unidentified eyewitness.

31.     Defendants **DET. JOSPEH GAROFALO** thereafter provided false, incomplete, and misleading information to the Queens County District Attorney's Office for the purpose of initiating a criminal prosecution against Plaintiff.

32.     Plaintiff was charged under Criminal Court Docket # 2014QN067605 with multiple crimes, including felonies: Attempted Murder in the Second Degree, Attempted Assault in the First

4

Degree, 2 counts of Criminal Possession of a weapon in the Second Degree and Assault in the Second Degree. Plaintiff was innocent of each crime he was charged with.

33.     The Defendant initiated this criminal prosecution with malice, and otherwise caused said prosecution to be commenced, and to continue, against Plaintiff for the purpose of obtaining a collateral objective, repugnant to the legitimate ends of the legal process.

34.     Plaintiff was arraigned in Queens County Criminal Court and bail was set in the amount of $100,000.00.

35.     Upon information and belief, because Plaintiff was unable to post the required bail he was detained at Riker's Island for approximately ninety-five (95) days.

36.     Thereafter Plaintiff was forced to return to Court on several occasions until on or about June 29, 2015 when all charges against Plaintiff were dismissed and sealed.

37.     Plaintiff was never indicted on the aforementioned charges and upon information and belief the case was never fully presented to a grand jury.

38.     All of the above occurred as a direct and proximate result of the unconstitutional policies, customs and/or practices of **THE CITY OF NEW YORK**, including, but not limited to, the inadequate screening, hiring, retention, training, and supervision of its police officers and detectives.


## **Federal Claims**

### **AS AND FOR A FIRST CAUSE OF ACTION**
(Deprivation of Rights Under 42 U.S.C. §1983)

39.     Plaintiff repeats, reiterates and re-alleges all of the allegations contained in paragraphs "1" through "38" with full force and effect as though set forth at length herein.

40.     All of the aforementioned acts of the Defendants were carried out under color of state law.

41.     All of the aforementioned acts deprived Plaintiff **RONALD E. BARNES** of the

5

rights, privileges and immunities guaranteed citizens of the United States by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, and in violation of 42 U.S.C. §1983.

42.     The acts complained of were carried out by Defendant **DET. JOSPEH GAROFALO** in his capacity as police officer and/or detective with the actual and/or apparent authority conferred upon him by **THE CITY OF NEW YORK**.

43.     The acts complained of were carried out by Defendant **DET. JOSEPH GAROFALO** in his capacity as a police officer and/or detective, pursuant to the customs, usages, practices, procedures, and the rules of **THE CITY OF NEW YORK** and the NYPD, all under the supervision of ranking officers, including but not limited to Lt. Guiffre Christ.

44.     Defendants, jointly and severally, while acting under color of state law, engaged in conduct that was consistent with a custom, usage, practice, procedure or rule of the NYPD and **THE CITY OF NEW YORK**, which is forbidden by the United States Constitution.

45.     As a result of the foregoing, Plaintiff **RONALD E. BARNES**, is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual Defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A SECOND CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C § 1983)

46.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "45" with full force and effect as if fully set forth herein.

47.     That beginning on November 13, 2014 at Plaintiff's home and continuing thereafter the Defendants, jointly and severally, in their capacity as police officers and/or detectives, without any valid warrant or any other legal process and without any legal right, wrongfully and unlawfully arrested the Plaintiff **RONALD E. BARNES**, restrained him and interfered with his liberty and took him into custody without authority to the NYPD 113th Precinct in Queens County.

6

48.     In order to effectuate the aforementioned arrest Defendants utilized an unlawful "i-card" procedure unique to the NYPD which, upon information and belief, is intended to deprive an individual of the constitutional rights that would be available to him if a court issued warrant were sought by the police.

49.     The Plaintiff was thereafter held in custody for more than 24 hours before he was arraigned.

50.     Plaintiff was thereafter unlawfully imprisoned against his will at Riker's Island for approximately ninety-five days as a direct and proximate result of the acts of the Defendants acting jointly and individually.

51.     The Defendants intentionally confined the Plaintiff without his consent and the confinement was not otherwise privileged by law and at all times Plaintiff was aware of his confinement.

52.     As a result of the foregoing, Plaintiff **RONALD E. BARNES**, is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual Defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
(Malicious Prosecution under 42 U.S.C. § 1983)

53.     Plaintiff repeats, reiterates and re-alleges all of the allegations contained in paragraphs "1" through "52" with full force and effect as though set forth at length herein.

54.     That on November 13, 2014 Plaintiff was arrested and from that time until the end of the criminal prosecution on or about June 29, 2015, Defendant **DET. JOSEPH GAROFALO** deliberately and maliciously prosecuted Plaintiff **RONALD E. BARNES**, an innocent man without any probable cause whatsoever, by initiating, and allowing to continue, a criminal prosecution in the Criminal Court of the City of New York, Queens County for the purpose of falsely accusing the

7

Plaintiff of violations of the criminal laws of the State of New York.

55.     The Defendant **DET. JOSEPH GAROFALO**, failed to take reasonable steps to stop the prosecution of the Plaintiff and provided false and/or incomplete information to the District Attorney's office to initiate prosecution of the Plaintiff.

56.     The commencement of these criminal proceedings under Docket No. 2014QN067605 was malicious, began in malice and without probable cause, so that the proceedings could succeed by the Defendants for a purpose outside of, and repugnant to, the legitimate ends of the legal process.

57.     As a result of the malicious prosecution, Plaintiff was deprived of his liberty for approximately ninety-five (95) days on Rikers Island and suffered humiliation, mental anguish, indignity and the frustration of an unjust criminal prosecution. The Plaintiff made multiple court appearances to defend his liberty as a result of the unjust prosecution.

58.     As a result of the foregoing, Plaintiff **RONALD E. BARNES**, is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual Defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Deprivation of Substantive Due Process under 42 U.S.C. § 1983)

59.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "58" with full force and effect as if fully set forth herein.

60.     The Defendants' conduct as described herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment.

61.     As a direct and proximate result of Defendants' conduct as described herein Plaintiff was deprived of his liberty and right to substantive due process, causing him emotional and physical injuries.

62.     As a result of the foregoing, Plaintiff **RONALD E. BARNES**, is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual Defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

63.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "62" with full force and effect as if fully set forth herein.

64.     Defendants, jointly and severally, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of **THE CITY OF NEW YORK** and/or NYPD that is forbidden by the United States Constitution.

65.     The aforementioned customs, policies, usages, practices, procedures and rules of **THE CITY OF NEW YORK** and/or the NYPD included, but were not limited to, arresting citizens without probable cause, conducting suggestive and unlawful identification procedures, utilizing an unlawful "i-card" device, manufacturing evidence and/or engaging in falsification in an effort to secure convictions and achieve ulterior motives like overtime compensation.

66.     Additionally, **THE CITY OF NEW YORK** engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its police officers and detectives that was the driving force behind the violation of Plaintiff's rights as described herein.

67.     By failing to properly recruit, screen, train, discipline and supervise its officers, including the individually named Defendants herein, **THE CITY OF NEW YORK** has tacitly authorized, ratified, sanctioned and/or impliedly authorized Defendants' acts complained of herein.

68.     The foregoing customs, policies, usages, practices, procedures and rules of **THE CITY OF NEW YORK** and the NYPD constituted deliberate indifference to the safety, well-being and constitutional rights of Plaintiff **RONALD E. BARNES**.

9

69.     The foregoing customs, policies, usages, practices, procedures and rules of **THE CITY OF NEW YORK** and the NYPD were the direct and proximate cause of the constitutional violations suffered by Plaintiff **RONALD E. BARNES** as alleged herein.

70.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating Plaintiff's constitutional rights.

71.     All of the foregoing acts by Defendants deprived Plaintiff of federally protected rights, including, but not limited to, the right:

      i.   Not to be deprived of liberty without due process of law;

      ii.  To be free from false arrest/unlawful imprisonment;

      iii. To be free from unreasonable and unlawful searches;

      iv.  To be free from malicious prosecution;

      v.   To be free from the deprivation of the right to counsel;

      vi.  To be free from unlawful warrantless detention and arrest.

72.     As a result of the foregoing, Plaintiff **RONALD E. BARNES**, is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual Defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### Supplemental State Law Claims

73.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "72" with full force and effect as if fully set forth herein.

74.     This action falls within one or more of the exceptions outlined in CPLR § 1602.

### AS AND FOR A SIXTH CAUSE OF ACTION
(State Law Malicious Prosecution against Individually named Defendant)

75.     Plaintiff repeats, reiterates and realleges each and every allegation contained in

paragraphs "1" through "74" with full force and effect as if fully set forth herein.

76.     That on November 13, 2014 Plaintiff was arrested and from that time until the end of the criminal prosecution on or about June 29, 2015, Defendant **DET. JOSEPH GAROFALO** deliberately and maliciously prosecuted Plaintiff **RONALD E. BARNES**, an innocent man without any probable cause whatsoever, by initiating, and allowing to continue, a criminal prosecution in the Criminal Court of the City of New York, Queens County for the purpose of falsely accusing the plaintiff of violations of the criminal laws of the State of New York.

77.     The Defendants **DET. JOSPEH GAROFALO**, failed to take reasonable steps to prevent or stop the prosecution of the Plaintiff and instead conducted unlawful and unconstitutional police procedures and maliciously and deliberately provided false and/or incomplete information to the District Attorney's office to initiate prosecution of the Plaintiff.

78.     The commencement of these criminal proceedings under Docket No. 2014QN067605 was malicious, began in malice and without probable cause, so that the proceedings could succeed by the Defendants for a purpose outside of, and repugnant to, the legitimate ends of the legal process.

79.     As a result of the malicious prosecution, Plaintiff was deprived of his liberty for approximately ninety-five (95) days while at Rikers Island and suffered humiliation, mental anguish, indignity and the frustration of an unjust criminal prosecution.  The Plaintiff made multiple court appearances to defend his liberty as a result of the unjust prosecution.

80.     As a result of the foregoing, Plaintiff **RONALD E. BARNES**, is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual Defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(State Law False Arrest against Individually Named Defendant)

81.     Plaintiff repeats, reiterates and realleges each and every allegation contained in

paragraphs "1" through "80" with full force and effect as if fully set forth herein.

82.     That on November 13, 2014 Defendants **DET. JOSEPH GAROFALO** caused Plaintiff to be arrested without probable cause or other legal authority.

83.     Plaintiff was detained against his will for approximately twenty-four (24) hours until he was arraigned and at various times was subjected to physical restraints.

84.     As a result of the aforementioned conduct, Plaintiff **RONALD E. BARNES** was falsely arrested in violation of the laws of the State of New York.

85.     As a result of the aforementioned conduct Plaintiff suffered physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

86.     As a result of the foregoing, Plaintiff **RONALD E. BARNES**, is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual Defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(State Law False Imprisonment against the Individually Named Defendant)

87.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "86" with full force and effect as if fully set forth herein.

88.     That on November 13, 2014 and continuing thereafter until on or about June 29, 2015 Defendants **DET. JOSEPH GAROFALO** caused Plaintiff to be imprisoned without probable cause or other legal authority.

89.     Plaintiff was detained against his will at Rikers Island for approximately ninety-five (95) days after he was arraigned and bail was set in the amount of $100,000.00 until he was released.

90.     As a result of the aforementioned conduct, Plaintiff **RONALD E. BARNES** was falsely imprisoned in violation of the laws of the State of New York.

91.     At all times during his imprisonment Plaintiff was aware of his confinement.

92.     Plaintiff did not consent to being confined nor was it otherwise sanctioned by law.

93.     As a result of the aforementioned conduct Plaintiff suffered physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

94.     As a result of the foregoing, Plaintiff **RONALD E. BARNES**, is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual Defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A NINETH CAUSE OF ACTION
(Violation of N.Y.S. Constitution Article 1 § 12)

95.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "94" with full force and effect as if fully set forth herein.

96.     As a result of Defendants' conduct as described herein Plaintiff **RONALD E. BARNES** was deprived of his right to security against unreasonable searches, seizures and interceptions.

97.     As a result of the foregoing, Plaintiff **RONALD E. BARNES**, is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual Defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A TENTH CAUSE OF ACTION
(State Law *Respondeat Superior* liability)

98.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "97" with full force and effect as if fully set forth herein.

99.     Defendant **THE CITY OF NEW YORK** is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

13

100.   As a result of the foregoing, Plaintiff **RONALD E. BARNES**, is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual Defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**WHEREFORE**, Plaintiff **RONALD E. BARNES** demands judgment and prays for the following relief, jointly and severally, against the Defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury;

(B) punitive damages against the individual Defendant in an amount to be determined by a jury;

(C) reasonable attorney's fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated:       JAMAICA, NEW YORK
             MARCH 7, 2017

                              Kareem R. Vessup
                              THE LAW OFFICE OF KAREEM R. VESSUP ESQ.
                              89-31 161st Street Suite 705
                              Jamaica, New York
                              (718) 219-8744 – P
                              (718) 228-7733 – F
                              kvessup@vessuplaw.com

14